UNDERWOOD TYPEWRITER CO. v. GRAVES TYPEWRITER CO. et al.

(Circuit Court, S. D. New York. June 10, 1907.)

PATENTS—INFRINGEMENT—TABULATING ATTACHMENT FOR TYPEWRITERS.

The Gathright patent, No. 436,916, for a tabulating attachment for typewriters, as previously construed by the Circuit Court of Appeals, *held* infringed, on motion for a preliminary injunction.

In Equity. Suit for infringement of letters patent Nos. 436,916 and 452,268, both for improvements in typewriters, granted to Josiah B. Gathright; the first September 23, 1890, and the second May 12, 1890. On motion for preliminary injunction.

Briesen & Knauth, for complainant.
Fred. Chappell, for defendants.

LACOMBE, Circuit Judge. The question whether the devices complained of infringe the second Gathright patent will have to be decided at final hearing.

As to validity and construction of the first Gathright patent, a careful examination of the patents which have been introduced here, but which were not in the record filed in prior suit of Wagner Typewriter Company v. Wyckoff, Seamans & Benedict, 138 Fed. 108, 151 Fed. 585, leads to the conclusion that their introduction in such prior suit would not have induced that court to modify its opinion. These patents are understood to be Morgan, 191,149, of 1877; Ritty and Birch, 271,363, of 1883; Kaley, 317,375, of 1885; Thomson (English), 7,269, of 1888 (same as Jenne [U. S.], 548,553, of 1895). The court may be in error in this enumeration, since counsel have failed to furnish the list asked for at oral argument, and an independent search has been made through the earlier record. No consideration is given to any patents subsequent to December 28, 1887, the date of invention found for Gathright by the Court of Appeals.

As the fourth and fifth claims are construed by that court, infringement seems entirely clear. The circumstance that prior to that decision the Patent Office granted a patent to defendant's assignor without citing Gathright's patent against him is not important. Non constat that such grant would have been made, had the decision of the Circuit Court of Appeals been before the examiner.

Injunction will issue against the Graves Company and against the Fox Typewriter Company, Limited. None will issue against the Fox Typewriter Company, which apparently was neither sued nor served, and whose appearance for the purpose of praying leave to file some plea was restricted to that purpose only.